**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CESAR ORLANDO MUNGUIA,

     Petitioner,

  vs.

PAMELA BONDI,[1] *et al.*,

     Respondents.

Case No.: 2:26-cv-00456-GMN-MDC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Cesar Orlando Munguia's Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 8).  Federal Respondents Pamela Bondi, Kristi Noem, Michael Bernacke, Todd Lyons, and Kerri Ann Quihuis filed a Response,[2] (ECF No. 14).[3]  Petitioner replied, (ECF No. 15).

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting U.S. Attorney General Todd Blanche is substituted for the currently named Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for the currently named Kristi Noem.

[2] Under LR IC 6-1 parties must refrain from including—or must partially redact, where inclusion is necessary—certain personal-data identifiers from all documents filed with the Court, unless the Court orders otherwise. *See* LR IC 6-1; *see also* Fed. R. Civ. P. 5.2(a).  Upon review of the exhibits to Federal Respondents' Response, (ECF No. 14), the Court finds that the exhibits contain personal-data identifiers and sensitive information that must be redacted, including Petitioner's birth date, fingerprints, and A-Number.  Accordingly, the Clerk of Court is kindly directed to seal certain exhibits to ECF No. 14 pursuant to this Order.  Moreover, Federal Respondents must file a redacted version of the exhibits on the docket by May 4, 2026, redacting any sensitive information or personal-data identifiers.  Federal Respondents are instructed to file future documents in compliance with the text and spirit of LR IC 6-1 and FRCP 5.2(a) by redacting birth dates, fingerprints, A-Numbers, and passport numbers where applicable.

[3] Respondent John Mattos filed a separate Response, (ECF No. 11), indicating that he has no independent authority to release Petitioner, and thus takes no position on the relief sought.

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Petitioner argues that he is entitled to habeas relief because the immigration judge's failure to grant him a bond hearing violated the Due Process Clause of the Fifth Amendment. (*See generally* Am. Pet., ECF No. 8).  Petitioner bases his requested relief on the allegation that he is being detained under 8 U.S.C. § 1226(a). (*See generally id.*).  Further, the parties appear to agree that Petitioner is a member of the certified class in *Jacobo Ramirez v. Mullin*, *et al.*, No. 25-cv-02136-RFB-MDC (D. Nev.). (*See* Reply 2:1–11, ECF No. 15); (*see generally* Resp. 4:6–11, ECF No. 14); *see also Jacobo Ramirez v. Mullin*, *et al.*, No. 2:25-CV-02136-RFB-MDC, 2026 WL 879799 (D. Nev. Mar. 30, 2026).  Upon review of the record, however, the Court finds that Petitioner here is not a member of the *Jacobo Ramirez* class because he presented at the border and was paroled into the United States in 2001.[4] (Bond Memo. at 2, Ex. G. to Am. Pet., ECF No. 14-7).  Because he is not a class member, the Court will not enforce the class judgment.  Moreover, because the Amended Petition seeks relief based on an incorrect basis, the Court DENIES the Amended Petition without prejudice but with leave to file a Second Amended Complaint that clarifies the relief sought.

---

[4] The *Jacobo Ramirez* certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

*Jacobo Ramirez*, 2026 WL 879799, at *4.

Accordingly,

**IT IS HEREBY ORDRED** that Petitioner's Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 8), is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **SEAL** the following exhibits to Federal Respondents' Response, (ECF No. 14-1–3, 14-5–7).

**IT IS FURTHER ORDERED** that Federal Respondents must file a redacted version of the identified exhibits on the docket by **May 4, 2026,** redacting any sensitive information or personal-data identifiers.  Federal Respondents are instructed to file future documents in compliance with the text and spirit of LR IC 6-1 and FRCP 5.2(a) by redacting birth dates, fingerprints, A-Numbers, and passport numbers where applicable.

**IT IS FURTHER ORDERED** that Petitioner must file a Second Amended Petition by May 11, 2026.  Respondents must file a Response by May 18, 2026, and Petitioner must file a Reply by May 25, 2026.

**DATED** this __28__ day of April, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court